In this case the chancellor decided that where a party wishes to take from the complainant’s solicitor the prosecution of a decree or reference under the 101st Rule of this court, he should give to the solicitor of the complainant notice of the application of the master, and of the papers upon which it is founded; or he should deliver to the master the evidence of the complainant’s neglect, and procure a summons for the adverse party, underwritten to show cause why the prosecution of the decree should not be taken from him and committed to the applicant; and that upon the return of this summons the master should' proceed to decide the question, after giving the party a reasonable time to answer the affidavits and other evidence upon which the application was founded, if copies thereof have not been served with the summons. That where the evidence of the want of due diligence exists in the master’s office, the master’s certificate of the fact is all that is required; but that the complainant *is in all cases entitled to notice of what is intended to be used as evidence against him upon the application. Decision of the vice-chancellor reversed, and the order of the master committing the prosecution of the decree to the respondents set aside as irregular.